**UNITED STATES of America,**

v.

**BADALAMENTI, et al., Defendants.**

**No. SS. 84 Cr. 236 (PNL).**

United States District Court, S.D. New York.

Nov. 26, 1985.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y. by Richard Martin, Louis Freeh, Robert Stewart, Robert Bucknam, Asst. U.S. Attys., New York City, for U.S.

Michael Kennedy, New York City, for defendant Gaetano Badalamenti.

Ivan Fisher, New York City, for defendant Salvatore Catalano.

Anthony Lombardino, Kew Gardens, N.Y., for defendant Joseph Lamberti.

Joseph Benfante, New York City, for defendant Salvatore Mazzurco.

Frank A. Lopez, Brooklyn, N.Y., for defendant Salvatore Lamberti.

Steven Kimelman, New York City, for defendant Giovanni Ligammari.

James La Rossa & Paul Bergman, New York City, for defendant Baldassare Amato.

Lawrence H. Schoenbach, New York City, for defendant Vincenzo Randazzo.

Patrick Burke, Suffern, N.Y., for defendant Pietro Alfano.

David De Petris, New York City, for defendant Emmanuele Palazzolo.

David Lewis, New York City, for defendant Samuel Evola.

Robert Koppelman, New York City, for defendant Vito Badalamenti.

Larry Ruggiero, New York City, for defendants Giuseppe Trupiano and Giuseppe Vitale.

James Moriarty, New York City, for defendant Lorenzo DeVardo.

Gerald V. Dichiara, New York City, for defendant Giovanni Cangialosi.

Robert C. Fogelnest, Philadelphia, Pa., for defendant Salvatore Salamone.

Larry Bronson, Bayonne, N.J., for defendant Salvatore Greco.

Kenneth Kaplan, New York City, for defendant Frank Castronovo.

Marvin Segal, New York City, for defendant Gaetano Mazzara.

Michael Querques, Orange, N.J., for defendant Francesco Polizzi.

Joseph W. Ryan, Jr., Mineola, N.Y., for defendant Filippo Casamento.

## OPINION AND ORDER

LEVAL, District Judge.

The Government moves to require the defense attorneys at the conclusion of each witness' examination to return to it the materials produced under the Jencks Act, 18 U.S.C. § 3500. Defendant Amato resists the application and contends there is no provision in the statute or elsewhere requiring such return.

The Government cites no decisional authority supporting its position, but claims that tradition and usage are consistent with its view, and purports to explain the lack of supporting decisions by the fact that no opposition was ever previously expressed.

The Government contends because § 3500 bars production of each witness' statements prior to the time for his cross-examination, this indicates that the sole purpose of the required production is for impeachment on cross and the material can be used for no other purpose. The Government cites the Supreme Court's opinion in *United States v. Palermo*, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959) for the proposition that the material was intended for use in cross-examination and that the Act sought to restrict overbroad disclosure practices that had grown up under the *Jencks* decision, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1953). *See also United States v. Percevault*, 490 F.2d 126 (2d Cir. 1973), and *United States v. Catalano*, 491 F.2d 268 (2d Cir.1974).

■ In my view, the Government's argument goes too far. Even acknowledging that a purpose of the Act was to restrict disclosure in various specified ways, it does not necessarily follow that the Act requires further limitations which it did not specify. The Act went to lengths to specify that "no statement or report ·... made by a Government witness ... shall be the subject of subpoena, discovery or inspection until said witness has testified on direct...." If it was intended that the statement be returned after cross, this would have been easy enough. to state.

Furthermore, a legislative act is more complex than the Government's argument presupposes. Acts generally do not have a single, clearly defined goal. This statute, for example, accommodates different values and objectives. Paragraph (a) concerns itself with protecting the Government from premature disclosure; paragraph (e) seeks to protect the integrity of the trial process and cross-examination by limiting disclosure for cross-examination to prior statements of the witness that are reproduced "substantially verbatim"; paragraph (b) seeks to protect the defendant's ability to defend at trial by requiring the disclosure of the prior statements of the witness to defense counsel. Not only does an act serve different objectives, it also represents a legislative compromise of different and conflicting political interests—in this case, those that would have preferred earlier and more extensive disclosure as against those that would favor less disclosure of the Government's investigative file. Justice Frankfurter's opinion in *Palermo* discusses the turbulence of Congressional activity between the initial submission of a bill by the Department of Justice, through numerous modifications and counterproposals, to the finally adopted act.

The Government's position also leads to rather improbable results. If, for example, as trial progresses, defense counsel perceives, through a combination of § 3500 material previously turned over and later testimony or other § 3500 material, that Government agents have engaged in misconduct—subornation of perjury, suppression of evidence or *Brady* material, failure to disclose § 3500 material—and counsel requires use of the prior § 3500 material to support his application for relief, the Government's position means that he cannot so use it because it was disclosed under the Act solely for crossing the prior witness. I think this is far fetched.

Nor is it self evident that under the Act a defendant should not be permitted to consult previously disclosed § 3500 material of another witness to help plan cross of a later witness. Although it is elementary that a witness may not be impeached by the statement of another, it does not follow that defense counsel should be barred from access to the previously disclosed inconsistent statements to suggest areas to explore on cross, or to support an application to recall the prior witness. All this, the Government contends, is forbidden by unwritten but implicit commands of the Act. In my view, if something so contrary to logic or fairness had been intended, it would have been written.

The statute's only reference to appeal also tends (modestly) to favor the defendant's position. Where excisions have been made from the statement turned over on the grounds that portions do not "relate" to the witness' direct, the statute requires

the Government to preserve "the entire text of such statement ... [to] be made available to the appellate court for the purpose of determining the correctness of the ruling of the trial judge [as to excision]." This sentence imposing the obligation of preservation only as to statements *not turned over*, seems to suggest that Congress believed the defendant did not need the Government's help to preserve items that *had been* turned over.

I note further that the Government's effort to explain the absence of decisional authority by the suggestion that "intervention of the Court is not generally required to procure compliance" is at odds with at least this judge's experience. In my nearly eight years on the bench, I can recall no prior instance in which I was aware of a government demand for such return of the § 3500 materials. Nor do I recall such applications being made during the four years I served as an Assistant U.S. Attorney in the 1960s. I do not rely on my personal experience recognizing that it is not part of the record and consequently the Government has not been offered the opportunity to rebut it. I find, however, that the Government has not offered evidentiary support for its contention that such return is the usual practice accepted on both sides.

The Government's application for such an order is denied.

 The Government also seeks a more narrow order specifically directed to the § 3500 material of the witness Buscetta, on the grounds that the material contains depositions and statements constituting evidence against innumerable other persons and that its disclosure could cause serious security problems. I believe this application is well founded. I do not believe, however, that rule or reason justify denying the defense attorneys' access to those materials for appropriate use during trial.

Accordingly, I direct that

(1) defense counsel promptly deliver to the Government all copies in the Buscetta § 3500 materials and

(2) the Government keep copies of those materials on hand during trial to be shown to defense counsel upon demand on the understanding that they will be used only for purposes of this trial.

SO ORDERED.