UNITED STATES of America,

v.

Scott David HARLOFF, Gregory Robin Raggi, Michael David Mazzeo, Thomas William Alessi, and James William O'Brien, Defendants.

No. 91–CR–205T.

United States District Court,
W.D. New York.

July 14, 1993.

Michael J. Gennaco, Cathleen M. Mahoney, Asst. U.S. Attys., for U.S.

John Parrinello, Rochester, NY, David Rothenberg, Rochester, NY, Karl Salzer, Rochester, NY, John Speranza, Rochester, NY, Anthony F. Leonardo, Rochester, NY, for defendants.

**DECISION AND ORDER**

TELESCA, Chief Judge.

**INTRODUCTION**

In a 19–count indictment, the five defendants, all former or suspended officers of the Rochester Police Department ("RPD"), were charged with having committed civil rights violations, money thefts, and other crimes while acting in their official capacity as members of an RPD drug interdiction unit. Following a ten-week jury trial, the defendants were acquitted on March 26, 1993 of all charges.

Pursuant to its disclosure obligations under the Jencks Act, 18 U.S.C. § 3500, the Government turned over to defense counsel thousands of documents, composed primarily of grand jury transcripts and investigation interview reports completed by RPD and Federal Bureau of Investigation personnel. Many of these documents were used by defense counsel during cross-examination of government witnesses during the trial.

The Government now moves for an order compelling the return of all documents disclosed under the Jencks Act. The defendants oppose the government's motion, arguing that there is no legal justification for the relief requested by the Government. For the reasons set forth below, the Government's motion requesting an order for the return of such documents is denied.

**DISCUSSION**

**I. Fed.R.Crim.P. 6 and Grand Jury Transcripts**

Rule 6 of the Federal Rules of Criminal Procedure codifies the traditional rule of secrecy concerning matters presented to the grand jury, and also sets forth exceptions under which secrecy may be broken and disclosure permitted. In particular, subdivision (e)(3)(C) of Rule 6 provides that:

[d]isclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made

(i) when so directed by a court preliminarily to or in connection with a judicial proceeding[.]

Fed.R.Crim.P. 6(e)(3)(C)(i). The Government argues that Rule 6 contemplates disclosure only in "very limited circumstances[,] ... [and therefore] the long-established policy of grand jury secrecy, while not absolute, commands the return of materials disclosed pursuant to subdivision (e)(3)(C)(i) at the close of federal criminal proceedings." Gov't. Brief at 3.

Although the grand jury transcripts and the witness statements compiled by RPD and

FBI personnel were disclosed to the defense under the Jencks Act, *not* Rule 6(e)(3)(C)(i), nothing in Rule 6 explicitly "commands the return of [disclosed] materials," and the public interest considerations favoring grand jury secrecy are substantially diminished in a case where "the grand jury investigation not only has terminated but, in addition, the resulting criminal proceedings themselves have been concluded without any threat of other prosecutions...." *In Re Grand Jury Proceedings*, 800 F.2d 1293, 1301 (4th Cir. 1986).

Moreover, "the consideration that disclosure of the grand jury materials might discourage future witnesses from testifying before a grand jury has little or any significance ... after a court has already long since released these materials to the target of the grand jury investigation without any limitation on use." *Id.* Here, the Government disclosed the grand jury transcripts of potential government witnesses to the defendants on December 2, 1992, some six weeks prior to the start of trial. This disclosure effectively eliminated the secrecy which attached to those materials, because the identity of the witnesses and the exact nature of their testimony was revealed. No restriction was sought by the Government nor were any conditions imposed by the Court. Therefore, the restrictions imbodied in Rule 6 on the use of these materials ended once they were turned over, because it was then that they entered the "public domain." Finally, disclosure was made to the defendants and their counsel, upon whom Rule 6 imposes no obligation of secrecy. *See* Fed.R.Crim.P. 6(e)(2).[1]

## II. The Jencks Act

The defendants, in their opposition to the Government's motion, point out that the Jencks Act contains no provision regarding the return of witnesses' statements to the Government. Controlling caselaw on the question is both sparse and inconsistent. In *United States v. Badalamenti*, 626 F.Supp. 655 (S.D.N.Y.1985), Judge Leval denied a request by the Government for the return of Jencks materials directly following cross-examination of the witness to whom the materials related. In a later case, *United States v. Fried*, 1989 WL 88495, 1989 U.S.App. LEXIS 11683 (6th Cir.1989), a similar request for the return of Jencks materials following their use at trial was granted by the district court and upheld by the Sixth Circuit.

In *Badalamenti*, Judge Leval also ordered that the Jencks materials of a particular witness were to be kept in the possession of the Government until they were needed by the defense. The basis for this order was that the depositions and statements of that witness constituted evidence against innumerable other persons and that its disclosure could cause serious security problems. To accomodate these concerns, the order was narrowly tailored to preserve evidence which could be used in future prosecutions. However, in the instant case, the Government makes no similar claims or justification for the return of the Jencks materials by the defendants because no further prosecution is contemplated against anyone.

I agree with Judge Leval's reasoning in *Badalamenti* and conclude that it represents the correct view of the law on this issue. There is no statutory basis for the relief requested by the Government. As Judge Leval noted, if it was intended that § 3500 materials were to be returned either after cross-examination, or after trial, it would have been easy enough for Congress to so provide in the Act.

## CONCLUSION

For the reasons set forth above, the Government's motion for return of materials disclosed pursuant to the Jencks Act is denied.

---

1. The Government asserts that since "a government official is not permitted to use disclosed material other than in the context of the specific federal criminal case in which it was disclosed, even for other official federal government business, then certainly a private citizen to whom disclosure is made under similar constraints is not free to use, disclose, or disseminate that material in other contexts at his own discretion, regardless of the degree to which that citizen may deem such material necessary for other purposes." Gov't. Brief at 3–4. This argument misses the mark because Rule 6(e), which provides that "[n]o obligation of secrecy may be imposed on any person except in accordance with this rule[,]" imposes use limitations only on the Government; it does not impose any such limitations on a defendant or his counsel to whom such materials have been turned over under the Jencks Act.

ALL OF THE ABOVE IS SO ORDERED.